# IN THE COURT OF APPEALS OF IOWA

No. 14-0092
Filed January 28, 2015

**MICHAEL ANDERSON,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.

Michael Anderson appeals from the district court order denying his application for postconviction relief. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Jennifer Miller, County Attorney, and Luke Hansen, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

Michael Anderson appeals from the district court order denying his application for postconviction relief (PCR). He contends his application should be granted because his trial counsel failed to properly inform him of the consequences of his guilty plea to sexual exploitation of a minor. He also contends the prosecutor breached the plea agreement. Because his claims are constitutional in nature, our review is de novo. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

**I. Background Facts and Proceedings.**

In 2007, the State charged Anderson with sexual exploitation of a minor. An agreement was reached whereby Anderson agreed to plead guilty to the charge and the State agreed to refrain from referring the matter for federal prosecution or making any comment to the court regarding sex offender treatment. The parties also agreed the sentencing enhancement for sexually predatory offenses under Iowa Code chapter 901A (2007) would not apply. The district court accepted Anderson's guilty plea and sentenced him to two years in prison with credit for time served.

After his sentence was served, the State held Anderson pending a civil commitment hearing under chapter 229A to determine whether he was a sexually violent predator. Anderson then filed a PCR application, alleging it was his understanding that the charge of sexual exploitation of a minor would not count as a sexually violent offense under chapter 229A and that he would not have pled guilty had he known civil commitment under chapter 229A was a consequence of his plea. Anderson faulted both his trial counsel and the

prosecutor with failing to disclose this consequence. He further alleged the State failed to abide by the plea agreement by pursuing a civil commitment action. The civil commitment action against Anderson was later dismissed, and his PCR application was denied.

**II. Civil Commitment.**

Anderson first contends the court erred in denying his PCR application because his trial counsel was ineffective in failing to explain that civil commitment was a possible consequence if he pleaded guilty. In order to succeed on a claim of ineffective assistance of counsel, Anderson must prove counsel breached an essential duty and he was prejudiced. *See State v. Bearse*, 748 N.W.2d 211, 214-15 (Iowa 2008). Anderson cannot show counsel breached an essential duty because the possibility of civil commitment following a separate civil proceeding is not a direct consequence of a guilty plea,[1] and counsel had no duty to disclose any indirect or collateral consequences. *See State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998) ("[T]he court is not required to inform the defendant of all

---

[1] While our supreme court has not addressed this issue, a number of other jurisdictions have held the possibility of civil commitment under a sexually violent predator statute is a collateral consequence of a guilty plea. *See Steele v. Murphy*, 365 F.3d 14, 17 (1st Cir. 2004) ("We believe that the possibility of commitment for life as a sexually dangerous person is a collateral consequence of pleading guilty."); *George v. Black*, 732 F.2d 108, 111 (8th Cir. 1984) (holding civil commitment for sexually violent offense did not automatically flow from guilty plea); *Bussell v. State*, 963 P.2d 1250, 1253 (Kan. Ct. App. 1998) ("[P]otential application of the [sexually violent predator statute] is, at most, nothing more than a collateral consequence of a plea of guilty to a sex crime."); *Commonwealth v. Cruz*, 818 N.E.2d 610, 619 (Mass. App. Ct. 2004) (holding civil commitment is a collateral consequence of a criminal conviction that need not be addressed at the plea hearing); *State v. Bellamy*, 835 A.2d 1231, 1238 (N.J. 2003) ("Moreover, commitment pursuant to the Act is not a direct consequence of pleading guilty to a predicate sexual offense because commitment does not automatically flow from the conviction."); *Page v. State*, 615 S.E.2d 740, 743 (S.C. 2005) ("[A] defendant's possible commitment under the Sexually Violent Predator Act is a collateral consequence of sentencing pursuant to a guilty plea or a conviction."); *State v. Myers*, 544 N.W.2d 609, 610 (Wis. Ct. App. 1996) (holding civil commitment was a collateral consequence of the defendant's guilty plea).

indirect and collateral consequences of a guilty plea."). Furthermore, the issue is moot because the civil commitment proceedings were dismissed. *See Maghee v. State*, 773 N.W.2d 228, 233 (Iowa 2009) ("A case is moot when the contested issue has become academic or nonexistent and the court's opinion would be of no force or effect in the underlying controversy."). Accordingly, Anderson has failed to show his trial counsel was ineffective.

### III. Prosecutorial Misconduct.

Anderson also contends the prosecutor engaged in misconduct by failing to comply with the plea agreement. Specifically, he claims the State promised he would not be civilly committed if he pled guilty. This is a mischaracterization of the record. While the State agreed Anderson's conviction would not meet the definition of a sexually *predatory* offense under Iowa Code section 901A.1, it made no promise regarding the possibility of civil commitment for sexually *violent* offense under chapter 229A. At the plea hearing, the district court restated the plea agreement, which did not include any promise regarding civil commitment under chapter 229A. The court then asked "Have I omitted anything?" Anderson answered, "No." Because the record demonstrates Anderson received the benefit of what he bargained for, Anderson has failed to show the State breached the plea agreement.

### IV. Conclusion.

Because Anderson has failed to prove his counsel was ineffective or the prosecutor engaged in misconduct, we affirm the denial of his PCR application.

**AFFIRMED.**